IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES COY COLE                                                                                             PLAINTIFF

v.                                        Civil No. 4:17-cv-4109

CODY FERGERSON, Detective
Prescott Police Department;
and ALEX GAMBLE, Officer
 Prescott Police Department                                     DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff filed his original Complaint on November 20, 2017, in the Eastern District of Arkansas. (ECF No. 1). On December 1, 2017, the case was transferred to the Western District, Texarkana Division. (ECF No. 3). In response to this Court's order, Plaintiff filed an Amended Complaint on December 15, 2017.[1] (ECF No. 8). Plaintiff is currently incarcerated in the Nevada County Jail.

According to Plaintiff's Amended Complaint, on October 26, 2017, he "was arrested and charged with possession of a firearm, aggravated assault, and discharging a firearm in the city limits, and [he] didn't have anything to do with it." (ECF No. 8). He goes on to state, "I feel that I'm in jail for false imprisonment, and because of that, my parole has been violated." (ECF No. 8). Plaintiff

---

[1] The Court also directed Plaintiff to file a motion to proceed *in forma pauperis* ("IFP"). (ECF No. 5). Plaintiff filed his motion to proceed IFP on December 15, 2017. (ECF No. 6). The Court granted the motion on January 5, 2017. (ECF No. 9).

alleges that, by arresting and holding him, Defendants and the city of Prescott, Arkansas, violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff's Amended Complaint does not specify whether he is suing Defendants in their individual or official capacities, nor does it specify what relief he is seeking.[2]

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Plaintiff asserts a claim of false imprisonment against Defendants.[3] This claim, which challenges the validity of the pending state criminal proceedings against Plaintiff, is barred under the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 59 (1971).

---

[2] Plaintiff's original complaint indicates that he is suing Defendants in both their individual and official capacities and requests relief in the form that "justice . . . be done" and that he be compensated for time away from his family, pain and suffering, and slandering of his name. (ECF No. 1).

[3] Although framed as a false-imprisonment claim, Plaintiff's claim is more appropriately construed as a false arrest claim. Assuming *arguendo* that Plaintiff intended to only assert a false imprisonment claim, that claim would be

2

The *Younger* doctrine "directs federal courts to abstain from accepting jurisdiction in cases where granting [equitable relief] would interfere with pending state proceedings" involving important state interests. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998). In federal cases like this one where only damages are sought, "traditional abstention principles generally require a stay as the appropriate mode of abstention." *Night Clubs, Inc.*, 163 F.3d at 481 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)). This is true "[a]s long as there may be issues which will need to be determined in federal court." *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 604 (8th Cir. 1999). However, a limited exception applies to allow dismissal under *Younger* where an award of damages would require the federal court to first declare a state statute unconstitutional or to overturn a state court judgment on a matter of state policy. *Night Clubs, Inc.*, 163 F.3d at 482. The *Younger* abstention doctrine is a reflection of the public policy that disfavors federal court interference with state judicial proceedings, and is based on the principles of comity and federalism. *See Ronwin v. Dunham*, 818 F.2d 675, 677 (8th Cir. 1987).

Three factors must be determined affirmatively to result in abstention under *Younger*: (1) there must be an ongoing state judicial proceeding which (2) implicates important state interests, and (3) that proceeding must afford an adequate opportunity to raise the federal questions presented. *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996). If all three factors are met, the federal court must abstain unless it detects "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). This bad faith exception "must be construed narrowly and only invoked in extraordinary

---

dismissed for failure to state a claim because "false imprisonment is a state law tort claim . . . [and] is not coextensive with the Fourteenth Amendment, which protects only against deprivations of liberty accomplished without due process of law." *King v. Beavers*, 148 F.3d 1031, 1034 (8th Cir. 1998). Thus, Plaintiff's false imprisonment claim for monetary relief does not state a claim for relief under 42 U.S.C. § 1983 because it does not arise under the United States Constitution or a federal statute. *Smith v. Garrett*, No. 5:06-cv-0281-JLH, 2006 WL 3791951, at *2 (E.D. Ark. Dec. 21, 2006). Courts must construe *pro se* pleadings liberally, and thus the Court will also treat Plaintiff's claim as a false arrest claim, which is cognizable under section 1983.

circumstances." *Aaron v. Target Corp.*, 357 F.3d 768, 778-79 (8th Cir. 2004) (internal quotation marks omitted).

The Court finds that the *Younger* abstention doctrine applies to this case because Plaintiff's claim involves an ongoing state judicial criminal proceeding against Plaintiff, the state clearly has an important interest in enforcing its criminal laws, and Plaintiff has given no indication that he cannot raise his constitutional claims during the state criminal proceedings. *Conley v. Hiland*, No. 4:15-cv0359-SWW, 2015 WL 4096152, at *1 (E.D. Ark. July 7, 2015). There is also no indication of bad faith or any other extraordinary circumstance that would make abstention inappropriate. Because Plaintiff seeks only monetary damages, traditional abstention practices generally favor a stay of this case rather than outright dismissal, and no exceptions apply requiring dismissal. *See Night Clubs, Inc.*, 163 F.3d at 481. Thus, the Court will stay and administratively terminate this federal case until the pending state criminal charges are resolved. *See Yamaha Motor Corp., U.S.A.*, 179 F.3d at 603-04; *Conley*, 2015 WL 4096152, at *1; *Dunkin v. Morales*, No. 1:11-cv-0010-JMM, 2011 WL 719016, at *2 (E.D. Ark. Feb. 22, 2011).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's case is hereby **STAYED** and **ADMINISTRATIVELY TERMINATED**. If Plaintiff wishes to pursue his claims in this case after the state criminal proceedings have concluded, he may file a motion to reopen this case at that time.

**IT IS SO ORDERED** this 29th day of January, 2018.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge